**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4327**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERZY PIETRAS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-02-321)

———————

Submitted:  October 3, 2003      Decided:  February 11, 2004

———————

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerzy Pietras appeals his jury convictions and resulting 72-month sentence on seven counts of transporting stolen vehicles in interstate commerce, in violation of 18 U.S.C. § 2312 (2000), and aiding and abetting the same, 18 U.S.C. § 2 (2000). On appeal, he challenges the sufficiency of the evidence to support the jury's verdict. Specifically, Pietras does not dispute that the cars in question were stolen, but maintains that the evidence failed to establish that he was involved in the selling of the seven charged vehicles or, in the instances where he was involved, that he knew that they were stolen.

A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). A defendant

challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

To prove a violation under 18 U.S.C. § 2312, the government must prove that there was a stolen vehicle, that the defendant knew the vehicle was stolen, and that the defendant transported the vehicle in interstate commerce. United States v. Chorman, 910 F.2d 102, 110 (4th Cir. 1990); United States v. Spoone, 741 F.2d 680, 686 (4th Cir. 1984).

We find sufficient evidence to support the jury's verdict as to each of the seven counts. Accordingly, we affirm Pietras' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED